## Sidney A. Martin *v.* Isaac H. Fridenberg, Appellant.

*Affidavit of defense—Contract—Entire and several contract—Parol evidence to vary written contract.*

In an action to recover the purchase money of a house sold under a written agreement, an affidavit of defense is sufficient to prevent judgment, which avers that the agreement sued on does not embody the whole contract; that the contract was for the purchase of three houses, one owned by plaintiff alone, and the other two by plaintiff and M.; that a written agreement was prepared for the purchase of the other two properties, to be executed in connection with the one sued on, and that it was not executed because M. was absent; that the defendant signed the paper in suit, relying on plaintiff's promise that the other should be executed by M. and himself not later than the next day; that it was never executed; and that plaintiff had not tendered a deed for the other two properties, but only for the property mentioned in the writing upon which suit was brought.

Argued March 26, 1895.    Appeal, No. 87, Jan. T., 1895, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T., 1894, No. 144, making absolute a rule for judgment for want of a sufficient affidavit of defense.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.    Reversed.

Assumpsit to recover the purchase money of a house.

The material averments of the statement and affidavit of defense are set forth in the opinion of the Supreme Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Joseph L. Greenwald, Clinton O. Mayer* with him, for appellant.—Parol evidence is admissible in each case to show the verbal, contemporaneous agreement which induced the execution of the writing: Greenawalt v. Kohne, 85 Pa. 375; Walker v. France, 17 W. N. C. 313; Barclay v. Wainwright, 86 Pa. 191; Juniata Building Assn. v. Hetzel, 103 Pa. 507. The contract was entire: 2 Parsons on Cont. 517; Lucesco Oil Co. v. Brewer, 66 Pa. 354; Gill v. Lumber Co., 151 Pa. 538; Quigley v. DeHaas, 82 Pa. 267; Rugg v. Moore, 110 Pa. 236; Hartley v. Decker, 89 Pa. 472; Shinn v. Bodine, 60 Pa. 185; Hare on Contracts, 618; Martin v. Schoenberger, 8 W. & S. 368, Harris v. Ligget, 1 W. & S. 305.

*Charles Kuni, Jr.*, for appellee.—The court may go outside the affidavit and consider extraneous facts. Allegheny City v. McCaffrey, 131 Pa. 137; City v. Baker, 140 Pa. 11. The affidavit was lacking in clearness and precision, which is essential: Hennershotz v. Gallagher, 124 Pa. 9; Eberle v. Bonafon's Exr., 17 W. N. C. 335; Martin v. Berens, 67 Pa. 459; Hunter v. McHose, 100 Pa. 41; Ashman v. Weigley, 148 Pa. 61; Heydt v. Frey, 21 W. N. C. 266. When the agreement was reduced to writing it expressed the final conclusions of the parties: Cozens v. Stevenson, 5 S. & R. 421; Callan v. Lukens, 89 Pa. 134; Thorne, McFarlane & Co. v. Warfflein, 100 Pa. 519; Sanders v. Sharp, 153 Pa. 567; Reed v. Willard, 132 Pa. 5; Erie v. Butler, 120 Pa. 374; Comly v. Bryan, 5 Whart. 265; Peck v. Jones, 70 Pa. 84; Keffer v. Robinson, 2 W. N. C. 689; Pa. Ins. Co. v. Kniley, 2 Pears. 229; Bruner v. Wallace, 4 W. N. C. 53.

OPINION BY MR. JUSTICE DEAN, July 18, 1895:

Judgment was entered in the court below against Fridenberg, defendant, for want of a sufficient affidavit of defense, and he now appeals, alleging the affidavit was sufficient to send the case to a jury.

By his statement, plaintiff averred a written agreement was entered into between him and defendant on the 6th of August, 1894, whereby plaintiff agreed to sell and convey to defendant a house and lot, 1523 South 21st street in Philadelphia, for the consideration of $800, subject to a mortgage of $1,500,

but clear of all other incumbrances; the $800 to be paid in watches, guns, rings, clothing, knives, forks, etc., at prices agreed upon, and bill of sale for same to be given upon delivery of deed for lot.

Further, that in pursuance of this contract, they met at defendant's place of business, four days afterwards, and the watches, guns, and other property were selected, values fixed, and property set aside for plaintiff; at the same time, plaintiff delivered to defendant the deed for the lot, subject to the mortgage of $1,500, which had been reduced by payments to $1,430. That, at the same time, an account was stated between them, which left a balance due plaintiff of $58.51, which defendant agreed to pay plaintiff in goods and cash, the following Monday, August 13th. On that day, plaintiff demanded of defendant the goods and cash, but payment was refused, and suit is therefore brought for the $858.51, with interest.

To this claim, the defendant answered by affidavit, as follows: That one Carter, agent for plaintiff, in the beginning of August, opened negotiations with him for the sale of three houses, 1217 North Twenty-ninth street; 2223 Carlisle street; and the one described in plaintiff's statement, 1523 South Twenty-first street, the price for the three being $3,000, subject to mortgages of $2,000 on the first; $1,800 on the second; and, as before mentioned, $1,500 on the third; the consideration, $3,000, to be paid in merchandise, such as watches, guns, clothing, etc.; that on the 6th of August plaintiff called to close the transaction, exhibiting to defendant two written agreements for signature, one of them being the same as set out in plaintiff's statement for the sale of 1523 South Twenty-first street; the other being for the sale of the two properties on Twenty-ninth and Carlisle streets; in the second agreement, one Murphy was named as a party in the body of the agreement with Martin, because, as represented to defendant, the title to these two properties was in names of Martin and Murphy, but the second agreement not being signed by Murphy, it was further represented to defendant that he was out of the city, but as soon as he returned, which would be that afternoon or next day, he would join in the execution of the contract; that, relying on this representation, defendant signed the agreement for the purchase of 1523 South Twenty-first street; he admits they

agreed upon the goods and value thereof, as the consideration for the South street property, on the 10th of August, 1894, but no satisfactory evidence of any payments on the $1,500 mortgage was exhibited to defendant, and no settlement of balance due was then had, and the deed, by agreement, was left in escrow with defendant's agent until the following Monday, which was the 13th of August, 1894, when final settlement was to be made, and the goods and cash delivered to plaintiff. On that day, plaintiff's agent called upon defendant, but would not make final settlement for the three properties, as stipulated for in the original agreement, and while the goods and cash claimed by plaintiff would represent the proportion of the consideration of the South street property, plaintiff did not offer to settle the entire transaction, as promised, and therefore defendant declined to pay for the one property, and leave the other two unadjusted ; and defendant avers his willingness and readiness to perform the entire contract as agreed upon, but that until plaintiff is ready to perform he is not indebted in any amount · to him.

It will be noticed plaintiff's statement avers, a separate, distinct agreement for the sale of the one property, 1523 South Twenty-first street; defendant's affidavit avers that this is but part of the contract, the entire contract being for three properties, the one part of it signed, and the other not, only because a third party had an interest in the other two, and being absent on the day fixed for executing the whole contract the transaction was not then consummated. If this be so, defendant cannot be called upon to perform part of his contract at the mere option of the other party. Nor does the affidavit lack precision, as contended by appellee. If, in the one transaction, he contracted to purchase three houses, and the plaintiff was ready to sell and convey but one, and then induced him to sign a contract specifying but one, on the promise that Murphy, in the afternoon of that day, or on the next day, would join him in the agreement for sale of the other two, and he now attempts to enforce the part of the contract thus obtained, such conduct is a fraud upon Fridenberg ; he may not have intended a fraud by the representation, but he practices one when he sues upon the fraction of a contract obtained by misrepresentation. If the plaintiff had been the sole owner of the three properties,

and the contract had been evidenced by one instrument, no court would sustain his demand for the price of one, when he was not willing and ready to convey the other two. He is in no better position now, if Fridenberg, by proper evidence, can sustain his affidavit, wherein he avers, that it was one contract for the three houses, to be evidenced by two instruments only, because as to two of them there was an outstanding interest in Murphy, who would join in the second agreement. If the fact be as asserted by Fridenberg, his explanation is a plausible one. Murphy could not join in the contract for the one property, because he had no interest in it; Martin could not contract alone, by writing, to sell the other two, for he was not the sole owner.

There are some contracts, on which there may be a recovery without a literal performance by plaintiff; when the main object of the contract has been accomplished, and immaterial or secondary stipulations are not performed, there may be a recovery, subject to a deduction for damages as to the parts not performed. But if, as defendant asserts, the contract was for the sale of three houses, the failure or inability to convey two of them would be a nonperformance to that extent of the principal purpose of the contract, and there could be no recovery for the price of one house out of three. As is said in Martin v. Schoenberger, 8 W. & S. 367 : " To permit a man to recover for part performance of an entire contract . . . . would tend to demoralize the whole country. If the law were so, a man would perform just so much of his contract as would suit his convenience or cupidity." There are numerous cases which hold to the same doctrine, and those cited by counsel for appellee are not in conflict with it. These last hold, that where parties have deliberately put their agreement in writing, in the absence of fraud, accident or mistake, the writing is not only the best, but the only evidence of their agreement. No one can question the correctness of this rule ; but the trouble in applying it here, is, that the paper sued on by plaintiff, if the affidavit be taken as verity, does not embody the whole contract; another writing prepared and to be executed in connection with the one sued on, constituted the entire written contract.

We think the affidavit was sufficient to send the case to a jury, therefore the judgment is reversed, and procedendo awarded.