## B. F. Fisher, Appellant, *v.* Abner H. Mershon.

*Contract—Partial performance of entire contract—Sufficiency of affidavit.*

A plaintiff who has defaulted in the substantial performance of an entire contract may not recover to the extent of a part performance. Plaintiff claimed for lime sold for which he had agreed to accept certain equities in houses, which defendant refused to convey. An affidavit was held sufficient which alleged that the agreement covered $1,000 worth of lime at an agreed rate per bushel, that plaintiff had only made a partial delivery and refused to complete his delivery as contracted for, and that defendant was ready and willing to deliver a deed as agreed upon when all lime contracted for was delivered.

Argued Oct. 13, 1898. Appeal, No. 135, Oct. T., 1898, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1897, No. 692, refusing judgment for want of a sufficient affidavit of defense. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record and evidence that an action of assumpsit was brought to recover for the value of 2804 bushels

of lime, from the plaintiff to the defendant at the price of 22 cents per bushel, the amount claimed being $526.56. The affidavit alleged an entire contract on the part of plaintiff to deliver lime to the amount of $1,000, at a stipulated price per bushel, which defendant was to pay by the conveyance of the equity in a house, which equity was agreed upon on a valuation of $1,000. Defendant denied ever having made a promise to pay plaintiff in cash and averred that he had always been ready and still is ready to perform his part of the contract.

The court below discharged the rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was discharging the rule for judgment for want of a sufficient affidavit of defense.

*James H. Wolfe,* for appellant.—The only question of defense raised by the affidavit, is whether a parol contract for the conveyance of land is a legal set-off against the claim for materials furnished. Whether the affidavit of defense is true or false, it sets up no defense under the law and is therefore void and nonenforceable, if parol testimony be required to establish any essential part of it: Mellon v. Davison, 123 Pa. 298; Ferguson v. Staver, 33 Pa. 411. See also, Sands, Herdic & Co. v. Arthur, 84 Pa. 479, and Conrade v. O'Brien, 1 Pa. Superior Ct. 104.

The facts in the present case are entirely identical with those in the case of Sands, Herdic & Co. v. Arthur, 84 Pa. 479.

*John W. Graham, Jr.,* for appellee.—The contract by its nature is necessarily an entire one. There has not been any breach on the part of the defendant, hence the plaintiff cannot recover on a part performance: Hartman v. Meighan, 171 Pa. 49.

It is true that the consideration for a quantity of lime to be delivered to the defendant was an oral agreement to convey an equity in a particular piece of real estate, but a parol contract for the sale of land is not void: Bell v. Andrews, 4 Dallas, 152; Allen's Est., 1 W. & S. 383; Wilson v. Clarke, 1 W. & S. 554.

The case of Sands v. Arthur, 84 Pa. 479, cited by appellant and relied upon by him in support of his contention, is not identical with the case at issue.

The lower court should be affirmed for the following reasons: The contract as stated in the affidavit of defense must be considered the real contract; that the contract is an entire one; that the defendant has not committed a breach; that the contract is not a void one; that the plaintiff cannot maintain an action for damages unless there is a breach or a refusal of performance on the part of the defendant; that the plaintiff has brought a suit upon a wrong contract, and has fixed as his basis of recovery a wrong measure of damages; there is a mutuality in all verbal contracts of this character, upon a breach by either party; the other has his remedy in an action of trespass for damages.

OPINION BY WILLIAM W. PORTER, J., January 18, 1899 :

The court below discharged the rule for judgment for want of sufficient affidavit of defense. We do not think that this was error. The plaintiff claims that he made a contract with the defendant to sell the latter certain bushels of lime, for which the plaintiff agreed to accept in payment equities in certain houses. Pursuant to this contract, the plaintiff shipped lime to the value of $526.53, and alleges that the defendant has not transferred the equities contracted for. The plaintiff also alleges that the defendant subsequently promised to pay the $526.53 as soon as he negotiated a certain mortgage, but after having negotiated the mortgage, he failed to make the payment. The plaintiff, therefore, sues for " damages in the premises."

The defendant, in his affidavit, sets up a different contract. He says that he " agreed to purchase lime from the plaintiff at the price named, (22 cents per bushel of 70 lbs.), to the amount of one thousand dollars ($1,000) in consideration of the plaintiff accepting in payment the equity in the house at the N. E. corner of Neff and Gaul streets, in the city of Philadelphia, subject to a first mortgage of one thousand dollars ($1,000). The equity agreed upon was one thousand dollars ($1,000), which offer was accepted by the plaintiff." The affidavit denies the agreement set up by the plaintiff, and avers " that the property and equity was fixed before the contract was consummated, and was the essence and inducement of the contract, otherwise, your deponent would never have made the contract."

The affidavit further avers that the defendant has requested

the plaintiff to deliver the balance of the lime, and avers read-iness to deliver a deed for the property named when all of said lime is delivered. The affidavit concludes with a denial of the alleged promise to pay in cash.

These allegations of the affidavit are sufficient to prevent the entry of judgment. It is not necessary, at this stage of the litigation, to discuss the possible application of the statute of frauds to the contract, either as stated by the plaintiff or by the defendant. It is sufficient to say that on the statements made in the affidavit of defense, we are of opinion that the con-tract for the sale and delivery of the lime was an entire one, namely, to sell one thousand dollars ($1,000) worth of lime computed at an agreed rate per bushel. No time seems to have been fixed within which the lime was to be delivered, but the defendant alleges a demand for a delivery and a willingness to perform what he alleges to be his obligation.

The affidavit, therefore, alleges sufficient to indicate that the plaintiff is in default, and it is settled law that a plaintiff, who has defaulted in the substantial performance of an entire con-tract, may not recover to the extent of a part performance: Hartman v. Meighan, 171 Pa. 49.

All that we now decide is that the affidavit is to be taken as true, and assuming its truth, that the court below was right in refusing the motion for judgment, and its action therein is now affirmed.