# Norris *v.* Clark, Appellant.

*Evidence—Contract—Date of contract—Memory of witness—Entire contract.*

In an action upon a contract it is reversible error for the court to refuse to permit the defendant to prove a conversation between the witness and plaintiff bearing upon the issue, merely because a witness could not accurately fix the date of the conversation between himself and the plaintiff.

*Contract—Delivery—Entire contract—Cutting logs.*

In an action upon a contract for the cutting and delivery of logs at a site to be designated by the defendant, the contract being entire, the plaintiff cannot recover, unless he not only cuts the logs, but delivers them at the point designated by the defendant. He is not entitled to recover the whole contract price, less the cost of hauling the logs from the place where they were cut to the point of delivery.

When a contract is entire, before any recovery can be had of the consideration money the plaintiff must prove that he has performed, or is ready to perform, his part of the contract, or that the performance was prevented by the defendant.

Argued Oct. 24, 1905. Appeal, No. 41, Oct. T., 1905, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1904, No. 469, on verdict for plaintiff in case of Mabel E. Norris and S. W. Norris v. H. E. Clark. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for the cutting and delivery of logs. Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $182.49. Defendant appealed.

*Errors assigned* (1–21) sufficiently appear by the opinion of the Superior Court.

*James H. Kelley*, with him *George R. Bigler*, for appellant. —Where a contract is entire, before any recovery can be had of the consideration money, the plaintiff must prove that he has performed his part of the contract; or that the performance was prevented by the defendant: Shaw v. Turnpike Co., 2

P. & W. 454; Martin v. Schoenberger, 8 W. & S. 367 ; Pallman v. Smith, 135 Pa. 188; Fisher v. Mershon, 9 Pa. Superior Ct. 238 ; Hartman v. Meighan, 171 Pa. 46 ; Millard v. Morse, 32 Pa. 506 ; Gill v. Johnstown Lumber Co., 151 Pa. 534.

*Oscar Mitchell*, with him *Bell & Hartswick*, for appellees, cited: Dwight v. Eckert, 117 Pa. 490 ; Kunkle v. Mitchell, 56 Pa. 100 ; Schnebly v. Shirtcliff, 7 Phila. 236.

OPINION BY MORRISON, J., December 10, 1905 :

On December 17, 1901, the plaintiffs and defendant entered into a written contract under which the plaintiffs agreed to deliver certain cut logs and to cut, peel and deliver a considerable quantity of timber to the defendant at a mill site to be thereafter located, by the defendant, on Chest creek. The plaintiffs proceeded with the work and on July 5, 1902, they had performed considerable work under the contract, but had not delivered any of the logs on Chest creek because the defendant had not designated a site for his mill. On July 5, 1902, the parties met and entered into the following supplemental contract :

" We mutually agree one with the other that there has been no logs delivered as per this contract to date and H. E. Clark has paid me for all the logs cut up to and including May 1 and accepts same where they are, and for the consideration of H. E. Clark paying to me 200.00 this day for the logs cut on our place and the bark of same which shall go to William F. Mosser as per contract with him, I agree to deliver said logs when directed to mill located by Clark during Aug. of 1902.

" H. E. CLARK [seal]

" Witness:                    "S. W. NORRIS [seal]
          " JAS. W. MAHAFFEY."

Mabel E. Norris did not sign this contract but no point is made of that fact and it is conceded that the parties are bound by the contract.

It is testified to and agreed by both parties that the defendant accepted all of the logs in the woods, without delivery on Chest creek, cut on or prior to May 1. The plaintiffs then proceeded to cut the additional logs referred to in the contract of July 5, 1902, but never delivered any of them to a mill site

on Chest creek, but left them along the roads and in the woods where cut. This suit was brought for the recovery of the full contract price for the cutting and delivering said logs.

The pinch of the case is whether the defendant designated a place for the delivery of the logs in accordance with the contract. The plaintiffs contended, and offered testimony in support of their contention, that the defendant never designated any place for the delivery of the logs and therefore they claim the right to recover the full contract price, on the theory that they were excused from the delivery by the conduct of the defendant.

The defendant took the stand and postively testified that he pointed out to Norris a place for the delivery of the logs on Chest creek in accordance with the terms of the contract, but that no logs were ever delivered there. On this point he was corroborated by the testimony of two witnesses who said they were present when the site for the delivery was pointed out to Norris. In addition to this, a witness, King Brickley, was sworn for the defendant and the following offer was made: "Defendant offers to prove by the witness on the stand that he worked for S. W. Norris, one of the plaintiffs, and that during that time the plaintiff admitted to him that the location for the mill had been designated by the defendant and showed the witness where that location was." This was objected to for the reason, in substance, that the witness could not accurately fix the date of the conversation referred to. The learned court sustained this objection and excluded the testimony and noted an exception, and this gives rise to the first assignment of error. In our opinion, this offer was competent and there was palpable error in its exclusion. The defendant was entitled to the testimony of this witness and the ground of objection alleged would only go to the credibility of the witness and the weight of his testimony. The important point was, had a mill site been designated by the defendant on Chest creek and the witness' testimony could not be excluded because his memory was faulty as to the date. If he testified in accordance with the offer, it might have been a strong corroboration of the defendant's contention that he did point out to the plaintiff, Norris, a location for the delivery of the logs. The first assignment of error is sustained.

We have ten additional assignments of error and it is to be regretted that they must all be sustained. The plaintiffs' contract to cut and deliver the logs at a mill site on Chest creek was entire and we have no cases warranting the court in holding that there could be a recovery upon the contract if the plaintiffs failed to deliver the logs at a site on Chest creek, if it was designated and pointed out by the defendant to the plaintiffs, in accordance with the terms of the contract.

The errors alleged in the remaining ten assignments all grow out of the refusal of the court to recognize the law as plainly indicated in the defendant's first and second points which are quoted in the eighth and ninth assignments. The first point: " The court is respectfully asked to charge the jury that if they believe from the evidence that the plaintiff did not comply with his part of the contract, and did not complete his contract, and has failed to deliver the logs to the point designated by the defendant, there can be no recovery and the verdict must be for the defendant." *Answer :* " We decline to so instruct you." The second point: " The plaintiff having admitted on the stand that if defendant had located a place for a mill he would have been bound to put them there, if a jury believe from the evidence that a place was designated for the location of the mill at which plaintiff was to put the logs and that he did not put them there, there can be no recovery and your verdict must be for the defense." *Answer :* " We decline to so instruct you." The error running through the whole charge is that cutting logs and leaving them in the woods may be considered substantial compliance with a contract calling for the cutting and delivery of the logs to a mill site located at some distance from the place where the logs were cut. We have no cases which go to the extent of sustaining the court in the instructions to the jury in this case that they could find for the plaintiff the balance due on his entire contract, less the expense of delivering the logs to the mill site, if they found as a fact that the mill site was properly designated.

In Shaw v. Turnpike Co., 2 P. & W. 454, it is said (p. 461) : " That when a contract is entire, before any recovery can be had of the consideration money, the plaintiff must prove, that he has performed, or is ready to perform his part of the contract, or that the performance was prevented by the defendant."

In Martin v. Schoenberger, 8 W. & S. 367, it is said (p. 368) : "To permit a man to recover for part performance of an entire contract, or to permit him to recover on his agreement where he has failed to perform, would tend to demoralize the whole country."

In Pallman v. Smith, 135 Pa. 188, it is said in the syllabus : "In an action to recover upon a contract to cut and deliver all the logs upon a tract of land, the seller cannot recover unless it is found from the evidence that he has substantially complied with his contract, by cutting and delivering all the logs upon the tract of the kind specified."

In Fisher v. Mershon, 9 Pa. Superior Ct. 238, it is decided as indicated in the syllabus : "A plaintiff who has defaulted in the substantial performance of an entire contract may not recover to the extent of a part performance." See Hartman v. Meighan, 171 Pa. 46, where it is said (p. 49) : "We are not aware that it has ever been recognized as a sound principle of the law of contracts that a plaintiff who has willfully defaulted in the substantial performance of an entire contract may nevertheless recover to the extent of his part performance."

In Millard v. Morse, 32 Pa. 506, it is held as stated in the syllabus : "A contract to sell and deliver goods at a certain place gives no cause of action, unless there be a delivery at the place agreed on. Such contract, without performance, is no defense to an action for the price of goods, advanced by the other party to the vendor, on the footing of the contract." See also Gill, Appellant, v. Johnstown Lumber Co., 151 Pa. 534; Caughey, Appellant, v. Parker, 26 Pa. Superior Ct. 289.

In the record there is some evidence offered apparently for the purpose of excusing the plaintiffs from delivering the second lot of logs on other grounds than the alleged failure to designate a mill site or place of delivery; testimony as to marking, selling and putting some of the logs into the river. As the case must go back for a new trial on account of the errors already pointed out, it is only necessary to say that if there shall be, at the next trial, sufficient evidence to carry this question to the jury it may enable the plaintiffs to recover pro rata for so many of the logs as the defendant accepted at a different place than the mill site. This would be so even if the jury should find that the mill site was properly designated by

the defendant, and that no logs were delivered there. We do not, however, think marking the logs, before delivery, and contracting to sell them when delivered, sufficient, without more, to warrant allowing a jury to find that the defendant waived delivery except as to such logs as he received, or directed to be delivered elsewhere.

But if the jury shall find that the defendant properly designated a place of delivery, and the logs were not delivered there, and delivery was not waived, and that the defendant received none of the logs, then the verdict must be for the defendant.

The assignments of error are all sustained, and the judgment is reversed with a v. f. d. n.