# William P. Kelley Brick Company, Appellant, *v.* Clay Product Supply Company.

*Contracts—Entire and severable contracts—Intention—Rescission.*

The entirety of a contract depends on the intention of the parties, and not on the divisibility of the subject. The severable nature of the latter may often assist in determining the intention, but will not overcome the intent to make an entire contract when that is shown.

On October 10, 1903, the plaintiff and defendant entered into a written contract for the purchase and sale of 302,000 paving blocks. The consideration to be paid was reached by applying the rate of $12.00 per M. to the number above stated. The place of delivery named in the

contract was f. o. b. cars W. Pa.  The clause governing shipments was "Please ship as follows: One carload at the earliest possible moment, the balance of 37,800 immediately following telegraphic instructions from us, and the remaining 264,600 beginning November 1 next, deliveries to be completed by December 1, 1903." The terms of payment were "Terms net cash on the twentieth of each month for deliveries made in preceding month." The seller agreed "to give guarantee·for proper wear for five years." *Held,* that the contract was an entire one.

An entire contract for future delivery of bricks provided that payments should be made on the twentieth of each month. After the contract had run for a time payment was not made on the twentieth of the month, but a check was received on the twenty-fourth. One of the intervening days was a Sunday. On the twenty-first a delivery was made, and when the check was received on the twenty-fourth, receipted bills were returned to the seller with a letter which contained no intimation of dissatisfaction, or of an intention to rescind. On the twenty-seventh, the seller notified the purchaser that he rescinded the contract. *Held,* that the notice of rescission was ineffectual.

Argued Oct. 12, 1906.   Appeal, No. 88, Oct. T., 1906, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1904, No. 1,735, refusing to take off nonsuit in case of the William P. Kelley Brick Company v. Clay Product Supply Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit on a contract.   Before BARRATT, J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order refusing to take off nonsuit.

*Harry E. Kohn,* for appellant.—The contract was properly rescinded: Anvil Mining Co. v. Humble, 153 U. S. 540 (14 Sup. Ct. Repr. 876) ; South Fork Canal Co. v. Gordon, 73 U. S. 561 ; Morgan v. McKee, 77 Pa. 228 ; McCombs v. McKennan, 2 W. & S. 216 ; Coal Co. v. Ryan, 107 Ill. 226 ; Barnes v. Denslow, 9 N. Y. Supp. 53 ; Eckel v. Murphey, 15 Pa. 488 ; Oil Co. v. Brewer, 66 Pa. 351 ; Rugg v. Moore, 110 Pa. 236.

*Edwin O. Michener* for appellee.—The contract is an entire contract: Gill v. Lumber Co., 151 Pa. 534 ; Easton v. Jones, 193 Pa. 147 ; Rugg v. Moore, 110 Pa. 236.

Where one party to a contract fails to perform at the stipulated time but the other party with notice thereof does not treat the contract as at an end but acts in affirmance of it, he cannot afterwards elect to rescind : Lynch v. Gas Co., 165 Pa. 518 ; Summerson v. Hicks, 134 Pa. 566 ; Remington v. Irwin, 14 Pa. 143 ; Kitchen v. Stokes, 9 W. N. C. 48 ; Harris v. Ligget, 1 W. & S. 301 ; Hartman v. Meighan, 171 Pa. 46 ; Pratt v. Campbell, 24 Pa. 184.

OPINION BY HEAD, J., February 25, 1907 :

On October 10, 1903, the plaintiff and defendant entered into a written contract for the purchase and sale of 302,000 paving blocks. The consideration to be paid was reached by applying the rate of $12.00 per M. to the number above stated. The place of delivery named in the contract was f. o. b. cars Windber, Pa. The clause governing shipments was "Please ship as follows : One car load at the earliest possible moment, the balance of 37,800 immediately following telegraphic instructions from us, and the remaining 264,600 beginning November 1 next, deliveries to be completed by December 1, 1903." The terms of payment were "Terms net cash on the 20th of each month for deliveries made in preceding month." The seller agreed "to give guarantee for proper wear for five years."

Was the contract, the essential features of which have been noted, entire or severable ? In Shinn v. Bodine, 60 Pa. 182, we have laid down by Mr. Justice SHARSWOOD a clear and satisfactory statement of the principle to be applied in all such cases. "The entirety of a contract depends on the intention of the parties, and not on the divisibility of the subject. The severable nature of the latter may often assist in determining the intention, but will not overcome the intent to make an entire contract when that is shown." In Easton v. Jones, 193 Pa. 147, Mr. Justice MITCHELL, not only adopts the language above quoted, but goes on to show that even the actual splitting up of the consideration into partial payments is in no way inconsistent with the conclusion, reached by ascertaining the intention of the parties, that their contract was entire. "There is nothing to prevent parties, even in entire contracts, from agreeing to partial payments pending the full performance, and

that is what was done in the present case." Looking then for the intention of the parties as expressed in their contract, and regarding that, when found, as controlling, notwithstanding the divisibility of either the subject-matter or the money consideration, we are led to the conclusion that the contract, in this case, was an entire one.

What obligations then does the law impose upon parties to such a contract? It is a principle of our law, so ancient and oft declared that it has become axiomatic, " that when a contract is entire, before any recovery can be had of the consideration money, the plaintiff must prove, that he has performed, or is ready to perform, his part of the contract, or that the performance was prevented by the defendant : " Shaw v. Turnpike Co., 2 P. & W. 454 ; Norris v. Clark, 29 Pa. Superior Ct. 562, and the long line of cases there reviewed. We need not here stop to consider the exception to the above rule, as well established as the rule itself, which has been thus stated. " There are some contracts, on which there may be a recovery without a literal performance by plaintiff ; when the main object of the contract has been accomplished, and immaterial or secondary stipulations are not performed, there may be a recovery, subject to a deduction for damages as to the parts not performed : " Martin v. Fridenberg, 169 Pa. 447. Our case is not within this exception.

During the month of October, 1903, there were shipped, on account of the contract, 37,800 blocks ; and during November, down to and including the 21st day of that month 116,000 additional, or in all 153,800, being about one-half the entire number contracted for. No shipment was made after November 21, and on 27th of the same month plaintiff wrote to defendant declaring the contract annulled and that no more brick would be shipped except under new conditions therein stated. Under the contract a partial payment had become due on November 20 for the brick shipped during October, viz., 37,800 blocks at $12.00 per M., or $453.60. The check for this amount was received on November 24 and duly credited to defendant. Thus matters remained until December, 1904, when this action was begun to recover $1,392 for 116,000 blocks, at the contract price, shipped during November, 1903.

On the trial the plaintiff, not claiming that it had performed,

even in a substantial way, its own obligations under the contract, stood on the position that its action, on November 27, 1903, in declaring the contract annulled, was legally justifiable and therefore, whilst it was absolved from the obligation to further perform, the law would compel· the defendant to pay for the partial performance, even though the contract was an entire one. If the position was well taken the conclusion would follow.

Either party to a contract may, of course, rescind with the assent of the other. Or he may, of his own motion, lawfully rescind if the act of rescission be based upon such a substantial breach of the contract by the other as would warrant a legal inference that the latter no longer intended to be bound by its terms. But such right must be exercised at a proper time, for an existing cause and under circumstances evincing good faith. The alleged breach, by the defendant, upon which the plaintiff seeks to justify its act of rescission on November 27, consisted solely in the fact that the check for $453.60 already referred to, which, under the provision in the contract should have arrived on the 20th, did not actually come to hand until the 24th, one of the intervening days being Sunday. Whilst, if we were to look at the manner in which the parties dealt with each other on the subject of shipments, each trying to adapt itself to the convenience of the other rather than to stand on the letter of the contract, we might fairly regard as harsh, a determination to summarily rescind such a large contract, at that late season, for the trifling delay in the payment of so small a sum, we need not undertake to say it would be illegal.

There was certainly a failure on the part of the defendant to strictly comply with its covenant to pay on the 20th. Had the plaintiff, at the close of that day, declared the contract rescinded and notified the defendant, perhaps the latter could not have been heard to complain. But nothing was then done. On the following day, the 21st, the plaintiff, evidently considering the contract still in force, made a further shipment. Even then had the plaintiff acted, its action could probably find the necessary support in Reybold v. Voorhees, 30 Pa. 116. But when, nothing in the way of rescission yet having been done, the check of the defendant reached the plaintiff on the 24th; when this check was received and accepted without protest or objection; when the plaintiff receipted and returned the bills that accompanied

the check, in a letter dated November 24, which did not, so far as the evidence discloses, contain any intimation of an intention to rescind, the time for such action had, in our judgment, gone by. The cause for rescission, if one existed on the 20th, or between that date and the 24th, had been extinguished by the joint act of the parties ; the sin against the letter of the covenant had been washed away by an act of reparation accepted as ample by the party sinned against.

We regard the act of the plaintiff then in declaring, for the first time, a rescission of this contract in its letter of November 27 as an arbitrary act that cannot be justified, under the facts as they then existed, upon the authority of any decided case that has been brought to our notice. As the contract sued on was an entire one ; as the plaintiff had not performed and as no sufficient cause for rescission existed at the time the attempt to rescind was made, there remained no alternative for the learned trial court except to enter a compulsory nonsuit. The assignments of error are overruled and the judgment is affirmed.