## Cambria Car and Foundry Co. v. Royal Quemahoning Coal Co.

*Pleading—Allegata and probata—Fatal variance.*

1. The allegations and proofs must agree. Where the plaintiff brought an action to recover the price of twenty-five mine cars made by it for defendant, and the proofs showed an entire contract to deliver fifty mine cars, the variance was held to be fatal.

*Contracts—Construction—Entire and divisible contracts.*

2. Where plaintiff's proofs show that the contract was entire and that plaintiff has refused to perform, without fault on the part of defendant, there can be no recovery.

*Contracts to sell—Payment to be made net thirty days.*

3. Where plaintiff sued to recover the price of twenty-five mine cars at $46 a car, alleging that they were sold "net 30 days," and that the time had fully expired at the date of suit, and offered in evidence a paragraph in the affidavit of defence in which it was admitted that the terms of payment were to be "net 30 days," but that plaintiff had neglected and refused to deliver fifty mine cars, and plaintiff's proofs showed that the contract was entire and that fifty mine cars were to be delivered: *Held*, that the words "30 days net" meant that payment was to be made thirty days after the delivery of the fifty mine cars.

Motion to take off non-suit. C. P. Westmoreland Co., May T., 1923, No. 911.

*McWherter & Dick*, for plaintiff; *Smith, Best & Horn*, for defendant.

WHITTEN, J., Feb. 1, 1924.—In its statement of claim plaintiff alleges the following verbal contract with the defendant: "Plaintiff, at the special instance and request of the defendant, by a verbal contract, sold and delivered to the defendant certain goods, wares and merchandise of the character, in the quantity, on the dates and at the prices shown by Exhibit 'A,' attached hereto. . . . Terms on which goods were sold were net 30 days, which time has now fully expired."

Exhibit "A," referred to, is as follows: "Johnstown, Pa., January 17, 1923. Royal Quemahoning Coal Company, Greensburg, Pa., to Cambria Car and Foundry Company, Dr., 1922. Aug. 21, 25 mine cars at $46 each, $1150."

The uncontradicted proofs on the part of the plaintiff were that, about Aug. 1, 1922, the plaintiff contracted to manufacture and deliver to the defendant at Stoyestown fifty mine cars of the size and character designated by the defendant, at the price of $46 per car; that twenty-five of the mine cars ordered were to be delivered to the defendant promptly; that no time was fixed for the delivery of the remaining twenty-five cars; and that the price of $46 per car was based upon the fact that defendant was to purchase fifty cars; and that no time was fixed for the payment of the purchase price for said cars. The proofs showed that twenty-five mine cars were delivered to the defendant about Aug. 21, 1922; that the plaintiff did not manufacture or deliver to defendant the remaining twenty-five mine cars; and that about October, 1922, the plaintiff canceled the contract because defendant had not paid for the twenty-five mine cars delivered to it Aug. 21, 1922.

The plaintiff also offered in evidence the sixth paragraph of the affidavit of defence, which is as follows: "In answer to the sixth paragraph of the plaintiff's statement, it is admitted that the terms of payment for said mine cars were to be net thirty days, but it is averred that the plaintiff had failed, neglected and refused to deliver fifty mine cars under the terms and provisions of the said verbal contract."

Thus the plaintiff alleged a contract for the sale to defendant of twenty-five mine cars for the price of $46 each, but proved that its only contract with the defendant was for the sale of fifty mine cars for the price of $46 per car; that plaintiff had delivered to defendant only twenty-five mine cars, and had canceled the contract for the delivery of the remaining twenty-five cars because the defendant had not paid for the twenty-five cars delivered within thirty days after the delivery thereof. Plaintiff also proved by oral testimony that no agreement was made as to the time when the purchase price was to be paid, and proved by offering the affidavit of defence that the entire contract price was to be paid thirty days after the delivery of the mine cars.

Resting upon such pleadings and proofs, the plaintiff could not recover.

In the first place, the allegations and proofs must agree. Here the plaintiff alleged one contract, but proved a different contract. On this ground alone the judgment of non-suit was properly entered.

In Wilkinson Manuf. Co. v. Welde, 196 Pa. 508, the plaintiff alleged as the basis of his suit a certain contract with the defendant. In his affidavit of defence the defendant denied the making of the contract alleged by the plaintiff, and set forth a different contract, which he averred was the only contract between the parties. At the trial the plaintiff, without amending his statement of claim, abandoned the contract alleged by him, but recovered a verdict and judgment based upon the contract alleged by the defendant in his affidavit of defence. In reversing the judgment of the court below, the Supreme Court (opinion, page 511) said: "When the plaintiff closed its testimony the

defendants were justified in asking the court to say that, as they had been sued upon a contract which had not been made by them, there could be no recovery, and judgment of non-suit ought to be entered. This application was denied and the appellants proceeded with the defence. In making the same, it is true that they did offer in evidence the real contract entered into, but plaintiff cannot take advantage of what they did, when it was simply to prove that they had not contracted as set forth in the pleadings. In other words, their offer of the only contract was simply consistent with their plea and affidavit of defence, that they had never contracted with the plaintiff as set forth in the statement. When all the evidence and the whole of the real contract was before the court, the defendants were again justified in asking that the jury be instructed to render a verdict in their favor."

In the second place, the plaintiff's proofs show an entire contract; also plaintiff's refusal to perform such contract. Moreover, plaintiff's refusal so to perform the contract was without fault on the part of the defendant. In such a case, there can be no recovery. "When a contract is entire, before any recovery can be had of the consideration money, the plaintiff must prove that he has performed, or is ready to perform, his part of the contract, or that the performance was prevented by the defendant:" Kelley Brick Co. *v.* Clay Co., 32 Pa. Superior Ct. 408, 411.

In the instant case, while the price to be paid was $46 per car, yet the evidence clearly shows that the subject-matter of the contract was fifty mine cars, and that the parties did not contemplate any severance or division of the contract. Plaintiff's witness says the purchase of the entire number of mine cars was discussed, and that the price was specially fixed on the basis that the contract should include fifty mine cars.

"The fixing of a price per unit for the ascertainment of the compensation for performance of the contract as a whole will not render the contract severable:" 13 Corpus Juris, 563.

"Although the terms of the contract may afford a rule for the apportionment of the consideration, yet if there be a special agreement to take the whole or nothing, or if the evidence shows that such was the purpose of the parties, the contract will be considered to be entire:" Producers' Coke Co. *v.* Hillman, 243 Pa. 313.

Nor did the offer by plaintiff of the sixth paragraph of the affidavit of defence help plaintiff's case. "A plaintiff may offer in evidence the whole of the affidavit of defence and take advantage of such portion of it as is in his favor and then go on and contradict the rest:" McAvoy & Michael *v.* T. I. T. Co., 27 Pa. Superior Ct. 271. See, also, Stockwell *v.* Loecher, 9 Pa. Superior Ct. 241.

However, the portion of the affidavit of defence so offered in evidence corroborates plaintiff's proofs, to the effect that the contract for the sale and purchase of fifty mine cars was an entire contract. The admission therein that the mine cars were to be paid for in thirty days, means thirty days after the delivery of the fifty mine cars mentioned in the contract. The plaintiff's proofs do not contradict this averment contained in the affidavit of defence.

It follows that the plaintiff's motion to take off the compulsory non-suit must be refused.

### Decree.

And now, Feb. 1, 1924, after argument of counsel and upon due consideration, the plaintiff's motion to take off the compulsory non-suit is refused.

From William S. Rial. Greensburg. Pa.